UNITED STATES of America,
Plaintiff–Appellee,

v.

Vinh Huu NGUYEN, Defendant–
Appellant.

United States of America,
Plaintiff–Appellee,

v.

Sureties Tracy Nguyen; Khanh Bui,
Claimants–Appellants,

v.

Vinh Huu Nguyen, Defendant.

No. 00–50446, 00–55795.
D.C. No. CR–99–00131–AHS–1.
D.C. No. CR–96–00032–AHS.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 12, 2001 *.

Decided Sept. 26, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before FERNANDEZ, KLEINFELD, and McKEOWN, Circuit Judges.

## MEMORANDUM **

In this disposition, we address defendant Vinh Huu Nguyen's appeal (No. 00–50446) from his conviction and sentence for failure to surrender to begin service of sentence in violation of 18 U.S.C. § 3146(a). We address the sureties' appeal (No. 00–55795) in a separate disposition.

Nguyen argues that, although his failure to surrender was knowing and intentional, the district court erred by declining to instruct the jury that willfulness is an element of the § 3146 offense and by declining to give the jury a good-faith or advice-of-counsel instruction. We review de novo "[w]hether a jury instruction misstates the elements of a statutory crime," *United States v. Frega,* 179 F.3d 793, 807 n. 16 (9th Cir.1999), *cert. denied,* 528 U.S. 1191, 120 S.Ct. 1247, 146 L.Ed.2d 105, *and cert. denied,* 529 U.S. 1029, 120 S.Ct. 1443, 146 L.Ed.2d 331 (2000), and the district court's denial of proposed jury instructions concerning the defendant's theory of the case, *United States v. Munoz,* 233 F.3d 1117, 1130 (9th Cir.2000). "We review for abuse of discretion a district court's factual findings vis-a-vis a 'theory of the case' instruction." *United States v. Sarno,* 73 F.3d 1470, 1487 (9th Cir.1995). Under these standards, we affirm.

■ First, we reject Nguyen's argument that we must reverse his conviction and sentence because the district court declined to instruct the jury concerning willfulness. A conviction under § 3146 requires that the individual "knowingly . . . fail[ ] to surrender for service of sentence pursuant to a court order." 18 U.S.C. 3146(a). The statute does not require

"willfulness." Nguyen's proposed instruction defines "willfully" as "knowingly fail[ing] to surrender, deliberately and intentionally . . . as contrasted with . . . unintentionally." The court's instruction to the jury required a finding that Nguyen "intentionally failed to surrender as ordered." [ER 430] "In reviewing jury instructions, the relevant inquiry is whether the instructions as a whole are adequate to guide the jury's deliberation." *Munoz,* 233 F.3d at 1130. The district court's instructions, which are consistent with the statute, fairly and adequately cover the issues presented. *See Frega,* 179 F.3d at 807 n. 16 ("The trial court has substantial latitude [in tailoring jury instructions] so long as its instructions fairly and adequately cover the issues presented.").

■ Second, we reject Nguyen's argument that the district court erred by declining to give a good-faith or advice-of-counsel instruction. The district court did not abuse its discretion by finding no evidentiary basis for these instructions. Moreover, the district court properly instructed the jury that, to convict Nguyen, the government had to prove that he intentionally failed to surrender as ordered. Under these circumstances, a good-faith or advice-of-counsel instruction is not required. *See Frega,* 179 F.3d at 804; *Sarno,* 73 F.3d at 1487–88.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.